UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth Cole, et al., | ) | CASE NO. 4:12CV1923 |
| Plaintiffs, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| EV Properties, L.P., et al., | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) ) | (Resolves Docs. 15, 22) |
| | ) | |

This matter comes before the Court on a motion for judgment on the pleadings filed by certain Defendants and a motion to dismiss filed by the remaining Defendants. The Court has been advised, having considered the complaint, pleadings, and applicable law. The motions are GRANTED.

I.  **LEGAL STANDARD**

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to

> relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

## II. FACTS

The factual background herein is not in dispute. Plaintiffs Kenneth and Martha Cole entered into an oil and gas lease with Defendant North Coast Energy, Inc. on July 25, 2006. In addition to the lease, the Coles signed a declaration and a memorandum that same day. While the Coles freely admit to signing all three documents, they contend that their signatures were not properly notarized, i.e., that they never personally appeared nor acknowledged their signatures before a notary. Based upon those facts, the Coles filed suit, seeking to invalidate their oil and gas lease. Defendants have sought dismissal and/or judgment on the pleadings, asserting that the

facts alleged by the Coles do not support invalidation of the lease. The Court now reviews the parties' arguments.

## III. ANALYSIS

The parties argue to separate lines of cases in support of their positions. Defendants rely heavily on *Citizens National Bank v. Denison*, 165 Ohio St. 89 (1956). In *Citizens National*, the Ohio Supreme Court held that "[a] defectively executed conveyance of an interest in land is valid as between the parties thereto, in the absence of fraud." *Id*. at 95. In contrast, Plaintiffs rely upon *Delfino v. Paul Davis Chevrolet, Inc.*, 2 Ohio St.2d 282 (1965). In *Delfino*, the Ohio Supreme Court held as follows:

> Since early in Ohio legal history, it has been held that a defectively executed lease is invalid and does not operate to convey the estate or create the term of leasehold sought to be created thereby. … A defectively executed lease for a term of five years upon monthly rental creates a tenancy in the lessee from month to month; and, where the tenant occupying under such lease vacates the premises at the end of a month, after fully prepaying the rentals then due, he is not liable to the lessor for the rental installments accruing after such vacation, in an action at law based upon such defectively executed lease.

*Id.* at 284-85 (citations and quotations omitted).

Plaintiffs, therefore, argue that because this is an oil and gas *lease*, the more specific language in *Delfino* and its progeny must govern. In contrast, Defendants assert that because the oil and gas lease conveys a fee simple interest in the rights contained therein, the more broad language of *Citizens National* is controlling. The Court finds merit in solely Defendants' argument.

In entering its holding, *Citizens National* cited favorable to *Logan Gas Co. v. Keith*, 117 Ohio St. 206 (1927). *Logan Gas Co.* dealt specifically with an oil and gas lease that had been improperly acknowledged and held: "A lessor of a lease who admits signing it and who makes no complaint that his signature was procured or induced by deception or fraud, cannot, after

3

delivering to the lessee such lease which has a regular statutory certificate of acknowledgment appended thereto by the officer taking it, claim that the lease is invalid, on the sole ground that the acknowledgment of his signing was procured by telephone." *Id.* at syllabus. *Delfino* makes no mention of *Logan Gas*, a fact that is not surprising given that oil and gas leases are inherently different than the standard lease at issue in *Delfino*. Accordingly, the Court finds Defendants' arguments well taken. The Coles' claim for declaratory judgment fails to state a claim.

## IV.   CONCLUSION

The motion to dismiss and the motion for judgment on the pleadings are GRANTED. Defendants shall file a notice within seven days of this order stating whether they intend to pursue their pending counterclaims in this matter.

IT IS SO ORDERED.


Date:   April 15, 2013                                         */s/ John R. Adams*
                                                                Judge John R. Adams
                                                                UNITED STATES DISTRICT COURT